UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| EDGE TECHNOLOGIES, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>SAP SE,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:20-cv-00919<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT SAP SE'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant SAP SE ("SAP"), by and through its undersigned counsel, presents the following Answer and Affirmative Defenses to the Complaint filed by Plaintiff Edge Technologies Inc. ("Plaintiff").

**ANSWER**

1.      SAP admits that Plaintiff purports to assert claims for breach of contract and unjust enrichment.  SAP denies the remaining allegations contained in Paragraph 1.

2.      SAP is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2, and to the extent that any response is required, those allegations are denied.

3.      SAP admits that it is a German European company organized under the laws of Germany and the European Union, with its principal place of business at Dietmar-Hopp-Allee 16, 69190, Walldorf, Germany.  SAP denies any remaining allegations contained in Paragraph 3.

4.      The allegations contained in Paragraph 4 constitute legal conclusions to which no response is required.  To the extent that any response is required, SAP denies the allegations.

5. The allegations in Paragraph 5 concerning specific personal jurisdiction constitute legal conclusions to which no response is required. To the extent a response is required, SAP denies those allegations. SAP denies that it agreed to the terms and conditions of Plaintiff's End User License Agreement ("EULA"), and denies that any agreement between the parties is set forth in the EULA. To the extent that any provisions of the EULA were incorporated in the Statement of Work, SAP denies that the terms of the EULA were ever valid to the extent they conflicted with other terms in the Statement of Work, and SAP further denies that the choice of law and forum selection clauses in the EULA remain in effect following termination of the Statement of Work. SAP denies any remaining allegations contained in Paragraph 5.

6. The allegations contained in Paragraph 6 constitute legal conclusions to which no response is required. To the extent that any response is required, SAP denies the allegations.

7. SAP admits that on October 16, 2019, it entered into a Statement of Work with Plaintiff effective September 30, 2019, *see* **Exhibit 1**, which incorporated SAP's General Terms and Conditions, *see* **Exhibit 2**. SAP admits that, under the Statement of Work, Plaintiff agreed to provide SAP with edgeCore and additional maintenance and/or implementation services relating to the edgeCore software. SAP also admits that, under the Statement of Work, Plaintiff granted SAP a worldwide, non-exclusive, non-transferable, non-sublicensable, terminable license to use edgeCore. SAP denies that, under the Statement of Work, it agreed to pay Plaintiff € 3,199,998.40. SAP denies any remaining allegations contained in Paragraph 7.

8. SAP admits that it entered into a Statement of Work with Plaintiff, which granted SAP a limited license to edgeCore. SAP is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 regarding the

mechanics of the edgeCore software, and to the extent that any response is required, those allegations are denied.  SAP denies the remaining allegations contained in Paragraph 8.

9.      SAP admits that the Statement of Work provided that the software license for edgeCore would be exclusively governed by certain terms set forth in the Statement of Work and the EULA.  SAP denies that it agreed to the terms and conditions of the EULA, and denies that any agreement between the parties is set forth in the EULA.  To the extent that any provisions of the EULA were incorporated in the Statement of Work, SAP denies that the terms of the EULA were ever valid to the extent they conflicted with other terms in the Statement of Work, and SAP further denies that the choice of law and forum selection clauses in the EULA remain in effect following termination of the Statement of Work.  SAP any remaining allegations contained in Paragraph 9.

10.     SAP admits that the Statement of Work incorporated certain terms of the EULA into the Statement of Work.  SAP denies that it accepted and acknowledged the terms of the EULA by clicking "I accept" immediately prior to downloading the edgeCore software.  SAP denies that it agreed to the terms and conditions of the EULA, and denies that any agreement between the parties is set forth in the EULA.  To the extent that any provisions of the EULA were incorporated in the Statement of Work, SAP denies that the terms of the EULA were ever valid to the extent they conflicted with other terms in the Statement of Work, and SAP further denies that the choice of law and forum selection clauses in the EULA remain in effect following termination of the Statement of Work.  SAP denies any remaining allegations contained in Paragraph 10.

11.     SAP admits that the EULA provides that the edgeCore software contains Plaintiff's proprietary information, requires confidentiality of the software, and prohibits the use

of any portion of the software for the purpose of deriving its source code. SAP denies that it agreed to and/or acknowledged the terms of the EULA, and denies that any agreement between the parties is set forth in the EULA. To the extent that any provisions of the EULA were incorporated in the Statement of Work, SAP denies that the terms of the EULA were ever valid to the extent they conflicted with other terms in the Statement of Work, and SAP further denies that the choice of law and forum selection clauses in the EULA remain in effect following termination of the Statement of Work. SAP denies any remaining allegations contained in Paragraph 11.

12. SAP admits that the Statement of Work outlines several acceptance criteria. SAP denies the remaining allegations contained in Paragraph 12.

13. SAP admits that on or about October 4, 2019, Plaintiff installed the edgeCore software on SAP's system for the limited purposes of testing. SAP denies that this initial installation satisfied any of the acceptance criteria. SAP further denies that any of the acceptance criteria were ever satisfied. SAP denies that, as part of its delivery, Plaintiff integrated the software with SAP's data sources, built a data pipeline relating SAP's data from their data sources, and built visualizations to be used by various SAP users. SAP denies any remaining allegations contained in Paragraph 13.

14. SAP admits that it issued a purchase order to Plaintiff for the amount of € 3,199,998.40. *See* **Exhibit 3**. SAP also admits that the purchase order designated the goods would be delivered to Alexander Danek. And SAP admits that Mr. Danek was Plaintiff's primary point of contact with SAP for work performed under the Statement of Work. SAP denies that the purchase order confirmed Plaintiff's delivery of the software. SAP denies the remaining allegations contained in Paragraph 14.

15. SAP admits that the Statement of Work provided that SAP would provide Plaintiff its requirements for the software within 10 days of the project start. SAP denies the remaining allegations contained in Paragraph 15.

16. SAP admits that Plaintiff participated in regular meetings with SAP personnel. SAP is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations regarding the extent of Plaintiff's efforts, and to the extent that any response is required, those allegations are denied. SAP denies the remaining allegations contained in Paragraph 16.

17. SAP admits that it terminated the Statement of Work on November 25, 2019. SAP admits that it uninstalled the edgeCore software on November 27, 2019. SAP denies that its termination was premature and denies that it terminated the contract before Plaintiff could demonstrate its system would meet SAP's requirements. SAP denies any remaining allegations contained in Paragraph 17.

18. SAP denies the allegations contained in Paragraph 18.

19. SAP denies the allegations contained in Paragraph 19.

20. SAP admits that on July 30, 2020, SAP's CEO Christian Klein announced that SAP was enhancing its Cloud Platform Integration Suite. SAP denies that this enhancement utilized any aspect of Plaintiff's technology. SAP denies any remaining allegations contained in Paragraph 20.

21. SAP denies the allegations contained in Paragraph 21.

22. SAP is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 regarding Plaintiff's process methodology, and to

the extent that any response is required, those allegations are denied.  SAP denies the remaining allegations contained in Paragraph 22.

23. SAP admits that the depicted graphic, taken from SAP's website, accurately shows SAP's Integration Solution Advisory Methodology, which SAP has utilized for at least six years.  SAP denies Plaintiff's description of this methodology and denies that the four steps in the graphic correspond to those in Plaintiff's AIVU concept.  SAP further denies that it launched this methodology after terminating the contract with Plaintiff.  SAP denies that it ever received Plaintiff's performance under the Statement of Work.  SAP denies any remaining allegations contained in Paragraph 23.

24. SAP denies that its Integration Solution Advisory Methodology shares any overlap or resemblance to Plaintiff's process or methodology.  SAP further denies that comparisons of the depicted graphics show any similarities between SAP's and Plaintiff's software products.  SAP is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 regarding the mechanics of Plaintiff's approach to integrating the domain, and to the extent that any response is required, those allegations are denied.  SAP denies the remaining allegations contained in Paragraph 24.

25. SAP admits that it recently enhanced its Cloud Platform Integration Suite.  SAP denies any remaining allegations contained in Paragraph 25.

26. SAP incorporates by reference its responses above as though set forth in full.

27. SAP denies the allegations contained in Paragraph 27.

28. SAP denies the allegations contained in Paragraph 28.

29. SAP denies the allegations contained in Paragraph 29.

30. SAP admits that it made a single payment to Plaintiff in the amount of € 300,000 per a proposal that Edge provided, *see* **Exhibit 4**, which SAP accepted when it signed the order letter, *see* **Exhibit 5**. SAP denies that it ever accepted deliverables from Plaintiff. SAP denies any remaining allegations contained in Paragraph 30.

31. SAP denies the allegations contained in Paragraph 31.

32. SAP admits that it has communicated to Plaintiff that it will not make any additional payments. SAP denies that any further payments are owed under the parties' agreement. SAP denies any remaining allegations contained in Paragraph 32.

33. The allegations contained in Paragraph 33 constitute legal conclusions to which no response is required. To the extent that any response is required, SAP denies the allegations.

34. The allegations contained in Paragraph 34 regarding breach constitute legal conclusions to which no response is required. To the extent that any response is required, SAP denies the allegations. SAP denies that any agreement between the parties is set forth in the EULA. SAP further denies that it ever possessed any confidential information belonging to Plaintiff, and denies that it ever disclosed any such confidential information. SAP also denies that it ever had access to the source code of Plaintiff's software and denies that it ever attempted to derive such source code. SAP denies any remaining allegations contained in Paragraph 34.

35. The allegations contained in Paragraph 35 constitute legal conclusions to which no response is required. To the extent that any response is required, SAP denies the allegations.

36. The allegations contained in Paragraph 36 constitute legal conclusions to which no response is required. To the extent that any response is required, SAP denies the allegations.

37. The allegations contained in Paragraph 37 constitute legal conclusions to which no response is required. To the extent that any response is required, SAP denies the allegations.

38. SAP incorporates by reference its responses above as though set forth in full.

39. SAP denies the allegations contained in Paragraph 39.

40. SAP admits that it exercised its right to terminate the parties' agreement on November 25, 2019. SAP admits that it uninstalled all of Plaintiff's systems and software on November 27, 2019. SAP denies the remaining allegations contained in Paragraph 40.

41. SAP denies the allegations contained in Paragraph 41.

42. SAP denies that Plaintiff substantially and materially performed under the contract. SAP also denies that it had access to Plaintiff's system and software from October 4, 2019 through November 27, 2019. The remaining allegations contained in Paragraph 42 constitute legal conclusions to which no response is required. To the extent that any response is required, SAP denies the allegations.

43. The allegations contained in Paragraph 43 constitute legal conclusions to which no response is required. To the extent that any response is required, SAP denies the allegations.

44. SAP incorporates by reference its responses above as though set forth in full.

45. SAP is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 regarding Plaintiff's expenditures and the nature of Plaintiff's platform, and to the extent that any response is required, those allegations are denied. SAP denies any remaining allegations contained in Paragraph 45.

46. SAP denies the allegations contained in Paragraph 46.

47. SAP denies the allegations contained in Paragraph 47.

48. SAP denies the allegations contained in Paragraph 48.

49. SAP denies the allegations contained in Paragraph 49.

50. SAP denies the allegations contained in Paragraph 50.

51. The allegations contained in Paragraph 51 constitute legal conclusions to which no response is required. To the extent that any response is required, SAP denies the allegations.

52. SAP denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief on pages 11-12 of the Complaint and denies that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, SAP demands judgment in its favor, along with an award of costs, attorneys' fees, and any other relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

In addition to the foregoing responses to the particular allegations of the Complaint, and without conceding that it bears the burden of proof as to any issue, SAP asserts the following further defenses to Plaintiff's Complaint:

## FIRST DEFENSE

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to state claims upon which relief can be granted and fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from SAP.

## SECOND DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, to the extent that Plaintiff failed to mitigate or minimize their alleged damages, the entitlement to which SAP expressly denies.

## THIRD DEFENSE

This Court is not proper venue for the Complaint because the Statement of Work provides that the sole place of jurisdiction for all disputes arising out of or in connection with the contractual relationship is Karlsruhe, Germany.

## FOURTH DEFENSE

Plaintiff failed to substantially and materially perform all of its obligations under the Statement of Work.

## FIFTH DEFENSE

Plaintiff's claim for unjust enrichment is barred or limited because SAP did not receive and retain any alleged benefit from Plaintiff.

\* \* \*

SAP reserves the right to seek leave of Court to assert additional defenses as they may come to light during the course of investigation, discovery, or otherwise.

Dated: December 18, 2020    Respectfully submitted,

/s/ *John G. Froemming*
John G. Froemming (VSB 25319)
JONES DAY
51 Louisiana Ave. NW
Washington, DC  20001
Telephone No.: (202) 879-4693
Facsimile No.:  (202) 626-1700
Email:  jfroemming@jonesday.com

Joseph M. Beauchamp (pro hac vice)
JONES DAY
717 Texas, Suite 330
Houston, TX 77002
Telephone No.: (832) 239-3835
Facsimile No.: (832) 239-3600
Email:  jbeauchamp@jonesday.com

*Counsel for SAP SE*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of December 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send an electronic noticed to counsel registered with that system, including Plaintiff's counsel:

| | |
|---|---|
| John Mark Murdock<br>Potter & Murdock PC<br>400 S. Maple Avenue<br>Suite 210<br>Falls Church, VA  22046<br>Tel:  703-992-9255<br>Fax:  703-832-0211<br>jmurdock@pottermurdock.com | William A. Delgado<br>Shilpa Coorg<br>Megan O'Neill<br>DTO LAW<br>601 S. Figueroa Street,<br>Suite 2130<br>Los Angeles, CA 90017<br>Tel.: 213-335-6999<br>Fax: 213-335-7802<br>wdelgado@dtolaw.com<br>scoorg@dtolaw.com<br>moneill@dtolaw.com |

/s/ *John G. Froemming*
John G. Froemming (VSB 25319)
*Counsel for SAP SE*
JONES DAY
51 Louisiana Ave. NW
Washington, DC  20001
Telephone No.: (202) 879-4693
Facsimile No.:  (202) 626-1700
Email:  jfroemming@jonesday.com